1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

CARMEN BELTRAN,                              )
                                             )        2:12-cv-00244-GMN -VCF
                    Plaintiff,               )
                                             )        **ORDER**
vs.                                          )
                                             )
JC PENNY CORPORATION, INC.,                  )        (Confidentiality Stipulation and Protective
                                             )        Order #10)
                    Defendant.               )
_____)

     Before the court is the parties' Confidentiality Stipulation and Protective Order (#10) which the court approves, with the exception of language in paragraph 5. This order reminds counsel that there is a presumption of public access to judicial files and records. Language in paragraph 5 of the parties' proposed stipulation was not approved and was deleted by the court. Paragraph 5 stated that "[n]o Confidential Information, whether embodied in physical objects, documents, electronically-stored data, tangible items or the transcription of statements of persons, shall be filed with the Court, unless . . . filed in a sealed envelope on which shall be endorsed the caption of the action and a statement substantially in the following form:

     CONFIDENTIAL This envelope contains documents or information in this case that is subject to a Confidentiality Order entered by the Court. This envelope shall not be opened nor the contents thereof displayed or revealed except by Order of Court. Violation thereof may be regarded as contempt of court.

     A party discharges its obligations under this paragraph by filing a pleading, motion, brief or other papers in two parts and placing the part which contains Confidential Information under seal. Any courtesy copy delivered to the Court shall be marked: "Courtesy Copy - Original Under Seal." Similar procedures shall be followed with regard to Attorneys Eyes Only Information" (#10).

     Special Order 109 requires the Clerk of the Court to maintain the official files for all cases filed on or after November 7, 2005, in electronic form. The electronic record constitutes the official record of the

court.  Attorneys must file documents under seal using the court's electronic filing procedures.  *See* LR 10-5(b).  That rule provides:

> Unless otherwise permitted by statute, rule or prior Court order, papers filed with the Court under seal shall be accompanied by a motion for leave to file those documents under seal, and shall be filed in accordance with the Court's electronic filing procedures.  If papers are filed under seal pursuant to prior Court order, the papers shall bear the following notation on the first page, directly under the case number: "FILED UNDER SEAL PURSUANT TO COURT ORDER DATED _____."  All papers filed under seal will remain sealed until such time as the Court may deny the motion to seal or enter an order to unseal them, or the documents are unsealed pursuant to Local Rule.

*Id.*

A party seeking to file a confidential document or utilize a confidential document at trial must also comply with the Ninth Circuit's directives in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006):

> Unless a particular court record is one "traditionally kept secret," a "strong presumption in favor of access" is the starting point. ... A party seeking to seal a judicial record then bears the burden of overcoming this strong presumption by meeting the "compelling reasons" standard. ... that is, the party must "articulate[ ] compelling reasons supported by specific factual findings," that outweigh the general history of access and the public policies favoring disclosure ....
>
> In general, "compelling reasons" sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such "court files might have become a vehicle for improper purposes," such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets. ... The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records.

*Id*. at 1178-79 (citations omitted).

To justify the sealing of discovery materials attached to non-dispositive motions, a particularized showing of good cause is required.  *Id.* at 1180.  To justify the sealing of discovery materials attached to dispositive motions or used at trial, however, a higher threshold is required: a particularized showing that *compelling reasons* support secrecy.  *Id.*  "A 'good cause' showing will not, without more, satisfy a 'compelling reasons' test."  *Id.*  When private discovery materials are attached to a dispositive motion (or response or reply) or used at trial, such materials become a part of a judicial record, and as such "are public documents almost by definition, and the public is entitled to access by default."  *Id.*

Accordingly, and for good cause shown,

**IT IS ORDERED** that:

1. Deleted language in Paragraph 5 of the parties' Confidentiality Stipulation and Protective Order (#10) is **NOT APPROVED**.

2. The parties shall comply with the requirements of Local Rule 10-5(b) and the Ninth Circuit's decision in *Kamakana,* 447 F.3d 1172, with respect to any documents filed under seal or used at trial.

3. The parties' Confidentiality Stipulation and Protective Order (#10), as modified and signed by the court, is **APPROVED.**

Dated this 6th day of August, 2012.

_____
**CAM FERENBACH**
**UNITED STATES MAGISTRATE JUDGE**

3